IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00834-BNB

HECTOR MARTINEZ JIMENEZ,

Applicant,

v.

PEOPLE OF THE STATE OF COLORADO,
CODOC MR. MILYARD, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 15 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Hector Martinez Jimenez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. On May 20, 2008, Mr. Jimenez filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On June 3, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 11, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period; that Mr. Jimenez previously raised his first claim asserted pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S.

296 (2004) in *Jimenez v. Milyard*, No. 06-cv-01129-PSF-MEH (D. Colo. Dec. 28, 2006); and that the remaining two of his three claims are unexhausted and subject to the procedural bar rule. Respondents specifically point out that Mr. Jimenez appears to assert two claims concerning the sentence he received, i.e., (1) that the sentence violated the rule of *Apprendi* and *Blakely*, and (2) that the sentence constituted an abuse of discretion. Respondents note that Mr. Jimenez mentions in passing his right to the effective assistance of counsel, which Respondents have treated as his third claim for purposes of the Pre-Answer Response. On June 26, 2008, Mr. Jimenez filed a Reply to the Pre-Answer Response. In his Reply, Mr. Jimenez does not dispute this characterization of his claims.

The Court must construe liberally the application and the Reply filed by Mr. Jimenez because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action without prejudice.

As stated earlier, Mr. Jimenez previously sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254. *See Jimenez v. Milyard*, No. 06-cv-01129-PSF-MEH (D. Colo. Dec. 28, 2006). The habeas corpus application was denied as meritless. Judgment was entered on January 2, 2007. Mr. Jimenez did not appeal to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit). In this action, Mr. Jimenez challenges the validity of the same state court conviction he challenged in

No. 06-cv-01129-PSF-MEH. Therefore, the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Jimenez must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive application. Mr. Jimenez alleges that he has not obtained the necessary authorization from the Tenth Circuit. *See* amended application at 7, ¶ 3. Therefore, the Court must exercise its discretion to determine whether or not it is in the interests of justice to transfer this action to the Tenth Circuit pursuant to 28 U.S.C. § 1631 or instead to dismiss the unauthorized, successive application without prejudice for lack of jurisdiction. *See In re Cline*, – F.3d –, 2008 WL 2673263, at *2-3 (10th Cir. July 9, 2008). *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). Where there is no risk that a meritorious successive claim will be lost absent a transfer pursuant to § 1631, this Court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to the Tenth Circuit for authorization. *See In re Cline*, 2008 WL 2673263, at *3.

Factors to consider in deciding whether a transfer is in the best interests of justice include (1) whether the claims would be time-barred if filed anew in the proper forum, (2) whether the claims alleged are likely to have merit, and (3) whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked the requisite jurisdiction. *Id.* at *2. For the reasons discussed below, the instant action will not be transferred to the Tenth Circuit so that Mr. Jimenez

may obtain the necessary authorization for this Court to consider his second or successive application.

Pursuant to a plea agreement, Mr. Jimenez pleaded guilty to one count of vehicular assault in Adams County, Colorado, district court Case No. 00CR28. On September 20, 2000, he was sentenced to twelve years in the DOC, plus three years of mandatory parole. On November 6, 2000, he appealed to the Colorado Court of Appeals, which affirmed on April 11, 2002. *See People v. Martinez-Jimenez*, No. 00CA2088 (Colo. Ct. App. Apr. 11, 2002) (not published). On September 16, 2002, the Colorado Supreme Court denied certiorari review. Respondents do not allege that Mr. Jimenez appealed to the United States Supreme Court.

On January 17, 2003, Mr. Jimenez filed a motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure seeking reconsideration of his sentence, which the trial court denied on January 21, 2003, without a hearing. Respondents do not allege whether Mr. Jimenez appealed from the denial of the Colo. R. Crim. P. 35(b) motion, although he does not appear to have done so.

On June 30, 2004, Mr. Jimenez filed a Colo. R. Crim. P. 35(a) and (c) motion, which the trial court denied. Respondents fail to provide a date of the denial. On November 1, 2004, Mr. Jimenez filed a notice of appeal. On October 13, 2005, the Colorado Court of Appeal affirmed. *See People v. Martinez-Jimenez*, No. 04CA2268 (Colo. Ct. App. Oct. 13, 2005) (not published). On May 22, 2006, the Colorado Supreme Court denied certiorari review. The Court received the original habeas corpus application for filing on April 11, 2008.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Assuming that Mr. Jimenez did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he nonetheless had ninety days after the Colorado Supreme Court denied his certiorari petition on September 16, 2002, to do so.

5

*See* Sup. Ct. R. 13. Therefore, his conviction became final on December 16, 2002, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Mr. Jimenez does not allege that unconstitutional state action prevented him from filing the instant action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he could have discovered the factual predicate for his claims challenging the validity of his conviction at the time his direct appeal became final on December 16, 2002. Therefore, it appears that the one-year limitation period began to run on December 16, 2002.

Respondents have failed to provide a docket sheet for Mr. Jimenez's state criminal proceedings or to assert clearly in the text of the Pre-Answer Response the appeal information and dates pertinent to all of Applicant's postconviction proceedings. Despite this deficiency, the Court has determined that the instant action is time-barred. Even assuming that Mr. Jimenez had postconviction motions pending in state court from January 17, 2003, when he filed his Colo. R. Crim. P. 35(b) motion until May 22, 2006, when the Colorado Supreme Court denied certiorari review of his Colo. R. Crim. P. 35(a) and (c) motion, he still waited over a year until April 11, 2008, to submit the instant habeas corpus application in this Court. Therefore, the instant action is time-barred in the absence of some reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus

application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Jimenez bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Jimenez fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Jimenez fails to demonstrate that equitable tolling is appropriate, and that the instant application is time-barred. Therefore, in the interests of justice, the instant unauthorized, successive application will not be transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631 but instead will be dismissed without prejudice for lack of jurisdiction. Because the Court will dismiss the action for lack of jurisdiction, the Court need not address Respondents' remaining arguments for dismissal. Accordingly, it is

ORDERED that the instant unauthorized, successive application is denied and the action is dismissed without prejudice for lack of jurisdiction.

DATED at Denver, Colorado, this 14 day of Aug. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00834-BNB

Hector Martinez-Jimenez
Prisoner No. 106871
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on \_\_8/15/08\_\_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk